UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KEICY CHUNG,<br><br>        Plaintiff,<br><br>  vs.<br><br>VISTANA VACATION OWNERSHIP, INC. and STARWOOD HOTELS & RESORTS WORLDWIDE, LLC,<br><br>        Defendants. | CIV. NO. 18-00469 LEK-RT |

**ORDER DENYING PLAINTIFF'S OBJECTIONS AND
AFFIRMING THE MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AND ADOPTING THE FINDINGS AND RECOMMENDATION**

On January 24, 2019, the magistrate judge filed his Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment ("F&R"). [Dkt. no. 35.] On January 30, 2019, pro se Plaintiff Keicy Chung ("Plaintiff") filed a document titled "Plaintiff's Reply in Support of Plaintiff's Motion for Default Judgment." [Dkt. no. 36.] The substance of Plaintiff's document has been construed as Plaintiff's Objections to the F&R ("Objections"). [EO: Court Order Construing Pltf.'s January 30, 2019 Filing as Objections to the Magistrate Judge's Findings and Recommendation, Filed January 24, 2019, filed 2/6/19 (dkt. no. 40).] On February 13, 2019, Defendants Vistana Vacation Ownership, Inc. and Starwood Hotels & Resorts Worldwide, LLC

("Defendants") filed their response to Plaintiff's Objections. [Dkt. no. 45.] The Court has considered the Objections as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Plaintiff's Objections are hereby denied, and the F&R is adopted, for the reasons set forth below.

## BACKGROUND

Plaintiff filed his complaint on November 29, 2018 ("Complaint") alleging diversity jurisdiction. [Dkt. no. 1.] Defendants were both served with the Summons and Complaint on November 30, 2018. [Dkt. nos. 6, 7.] On December 21, 2018, Defendants electronically filed their Motion to Dismiss Complaint ("Motion to Dismiss"), and certified that a copy of the Motion to Dismiss had been served upon Plaintiff via First-Class Mail at Plaintiff's last known address. [Dkt. nos. 14 (Motion to Dismiss), 14-2 (certificate of service).] Due to a clerical error however, Defendants did not mail out Plaintiff's copy of the Motion to Dismiss on December 21, 2018, and instead mailed it on December 26, 2018. See Amended Certificate of Service, filed 1/17/19 (dkt. no. 30); Defs.' Opp. to Motion for Default Judgment, filed 1/17/19 (dkt. no. 28), Decl. of Nicholas R. Monlux in Supp. of Opp. at ¶¶ 3-4.

On January 3, 2019, Plaintiff filed his Motion for Default Judgment ("Default Motion"), without first obtaining entry of default. [Dkt. no. 19.] The magistrate judge issued his recommendation to deny Plaintiff's Default Motion as premature because: "Plaintiff has not requested an entry of default, and default has not been entered." [F&R at 2 (citing Brooks v. United States, 29 F. Supp. 2d 613, 618 (N.D. Cal. 1997), *aff'd*, 162 F.3d 1167 (9th Cir. 1998)); Fed. R. Civ. P. 55(a)).] After the magistrate judge issued his F&R, Plaintiff filed his "Request for Entry of Default Against Defendants" on January 30, 2019 ("Request"). [Dkt. no. 37.] On February 6, 2019, the magistrate judge denied the Request, stating that "Defendants timely defended with their [14] Motion to Dismiss Complaint on 12/21/18. Although service of the motion was not timely, the delay is not a failure to plead and did not prejudice Plaintiff." [Minutes, dkt. no. 41.]

In the instant Objections, Plaintiff argues the magistrate judge erred in his recommendation because: 1) even if Plaintiff had requested an entry of default, it could not have been made because Defendants falsely stated when the Motion to Dismiss had been served upon Plaintiff; 2) Defendants failed to respond to Plaintiff's Summons and Complaint because the Motion to Dismiss was not timely served on Plaintiff in accordance with Fed. R. Civ. P. 5 and 12; and 3) the factors set forth in Eitel

v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), weigh in favor of this Court granting Plaintiff's Default Motion.

## STANDARD

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

Muegge v. Aqua Hotels & Resorts, Inc., Civil 09-00614 LEK-BMK, 2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (alteration in Muegge) (some citations omitted).

**DISCUSSION**

I.  **Motion for Default Judgment**

This district court has previously explained that:

> Securing a default judgment pursuant to Federal Rule of Civil Procedure 55 is a two-step process. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).
>
> After default has been entered, a party may then apply to the court for entry of a default judgment. See Fed. R. Civ. P. 55(b)(2). . . .

State Farm Mut. Auto. Ins. Co. v. Morris, Civ. No. 15-00511 ACK-KJM, 2016 WL 3947611, at *3 (D. Hawai`i July 19, 2016) (some alterations in State Farm). Moreover, entry of default does not automatically entitle the non-defaulting party to a default judgment as a matter of right, and the court has "wide discretion in determining whether to enter a default judgment under Rule 55." Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991) (citation omitted).

Plaintiff's Objections are rejected because the magistrate judge properly identified the two-step framework of Rule 55(a)-(b) and explained that Plaintiff's failure to first seek and obtain an entry of default precluded a recommendation to grant Plaintiff's Default Motion. See F&R at

5

2; United States v. McHugh, Civil No. 14-00299 JMS-KSC, 2015 WL 620168, at *1 (D. Hawai`i Feb. 12, 2015) ("Rule 55[(b)] requires a two-step process, consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment." (alteration in McHugh) (internal quotation marks and some citations omitted) (citing Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986);[1] Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009))).

Nevertheless, Plaintiff argues Defendants' failure to strictly comply with the filing deadlines under Rules 5 and 12 constitutes a failure to respond, and prevented the Clerk of Court from filing an entry of default against Defendants. Plaintiff's argument is misplaced. First, Defendants electronically filed their Motion to Dismiss on December 21, 2018, which was "within 21 days after being served" with the Summons and Complaint. See Fed. R. Civ. P. 12(a)-(b). Although they apparently did not serve Plaintiff with a copy of the Motion to Dismiss until December 26, 2018, Plaintiff has not demonstrated any actual prejudice as a result of the delay. See, e.g., Bush v. City of Philadelphia, 684 F. Supp. 2d 634,

---

[1] Although the Westlaw case citation notes the United States of America is the plaintiff in McHugh, the docket reflects Patrick Takeuchi is the pro se plaintiff. See 2015 WL 620168, at *1.

639 (E.D. Pa. 2010) (ruling that the plaintiff was not entitled to default judgment because the plaintiff's claim was insufficient, and the defendant's failure to strictly comply with Fed. R. Civ. P. 12(a) (2009) did not result in any prejudice).[2]  Second, there is no disputing that Defendants' Motion to Dismiss is Defendants' intent to defend in this action, therefore, entry of default would not be appropriate because Defendants have not "failed to plead or otherwise defend" under Rule 55(a).

Because no entry of default was made prior to Plaintiff filing the Default Motion, and because Defendants have responded to the Summons and Complaint in accordance with Rule 12 and 55, Plaintiff's Objections to the magistrate judge's F&R are denied.  The Court will not reach Plaintiff's additional arguments addressing the Eitel factors since Plaintiff has failed to satisfy the necessary precondition of obtaining an entry of default, and Defendants are actively defending against the claims in this action.  See Muegge, 2015 WL 4041313, at *2 ("'[O]bjections that would not alter the outcome are moot, and can be overruled on that basis alone.'" (quoting Rodriguez v.

---

[2] When Bush was decided, the Federal Rules of Civil Procedure permitted a defendant twenty days to file a responsive pleading or motion.  See Fed. R. Civ. P. 12(a) (2009).  As of December 1, 2009, a defendant was required to file an answer within 21 days after service of the summons and complaint.  Id.; see also Bush, 684 F. Supp. 2d at 639 n.7.

7

Hill, No. 13cv1191-LAB (DHB), 2015 WL 366440, at *1 (S.D. Cal. Jan. 23, 2015))).

## CONCLUSION

On the basis of the foregoing, Plaintiff's Objections to the magistrate judge's Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment, filed January 30, 2019, are HEREBY DENIED and the magistrate judge's F&R is HEREBY ADOPTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, March 8, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KEICY CHUNG VS. VISTANA VACATION OWNERSHIP, INC., ET AL.; CV 18-00469 LEK-RT; ORDER DENYING PLAINTIFF'S OBJECTIONS AND AFFIRMING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMNEDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ADOPTING THE FINDINGS AND RECOMMENDATION**