UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KEICY CHUNG,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>VISTANA VACATION OWNERSHIP, INC. and STARWOOD HOTELS & RESORTS WORLDWIDE, LLC,<br><br>　　　　　Defendants. | **CIV. NO. 18-00469 LEK-RT** |

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION TO DISMISS**

　　　　Before the Court is Defendants Vistana Vacation Ownership, Inc. ("Vistana") and Starwood Hotels & Resorts Worldwide, LLC's ("Starwood," collectively "Defendants") Motion to Dismiss Complaint ("Motion"), filed on December 21, 2018. [Dkt. no. 14.]  Pro se Plaintiff Keicy Chung ("Plaintiff") filed his memorandum in opposition on January 3, 2019, and Defendants filed their reply on February 21, 2019.  [Dkt. nos. 20, 50.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Defendants' Motion is hereby granted in part and denied in part for the reasons set forth below.

**BACKGROUND**

Plaintiff filed the instant action on November 29, 2018, based on diversity jurisdiction. [Complaint (dkt. no. 1), at pg. 4.[1]] Plaintiff is a resident of the State of California, and alleges Vistana is incorporated in and has its principal place of business in Florida, while Starwood is incorporated in and has its principal place of business in Maryland. [Id. at pgs. 4, 5, 8.]

**I. Complaint**

Plaintiff alleges that, on May 22, 2006, he entered into an agreement with Defendants to purchase a timeshare unit at the "Ocean Resort Villas North" in Ka`anapali, Hawai`i, under contract number 309245 ("2006 Contract"). [Id. at pgs. 9-10.] Plaintiff received an "Owner(s) Copy" of the sales contract for his records, and alleges he achieved "Platinum status" through the Starwood Preferred Guest ("SPG") Loyalty Program, in exchange for his 2006 timeshare purchase. [Id. at pg. 10.] In 2007, Plaintiff entered into two subsequent timeshare purchases under contract numbers 315182 and 315183 (collectively "2007 Contracts"). [Id. at pg. 12, ¶ 3.]

---

[1] The Complaint is a nonconsecutively paginated document therefore, all citations refer to the page numbers assigned by this district court's electronic numbering system.

At the beginning of 2016, Plaintiff alleges Defendants downgraded him from Platinum to Gold status. In response to Plaintiff's complaints about the downgrade, on June 2, 2016, Defendants produced a copy of Plaintiff's 2006 Contract, and on June 15, 2016, Defendants produced copies of Plaintiff's 2007 Contracts. [Id. at pg. 10] After comparing his version of the 2006 Contract and 2007 Contracts with the copies produced by Defendants, Plaintiff alleges Defendants' records: included additional pages not in Plaintiff's records; were missing certain "term sheets" concerning Plaintiff's Five-Star Elite status that conferred Plaintiff's Platinum status; and were missing disclosures required by law pursuant to Haw. Rev. Stat. Chapter 514E.[2] [Id. at pg. 11.] Plaintiff also alleges Defendants "altered the check lists of the sales contracts," without verifying or obtaining Plaintiff's consent, to indicate certain documents were received. [Id. at pg. 12.]

Plaintiff alleges the following claims against Defendants: violations of Chapter 514E for withholding disclosures regarding the 2006 Contract ("Count I"), and the 2007 Contracts ("Count II"); and a violation of Chapter 514E for engaging in prohibited practices in the sale of timeshare contracts ("Count III"). [Id. at pgs. 11-12.]

---

[2] Plaintiff does not specify what disclosure(s) were not included.

3

## II. California Action

Prior to filing the instant Complaint, on May 19, 2017, Plaintiff filed a complaint ("California Complaint") in the Superior Court of California, County of Los Angeles ("California Action"). [Defs.' request for judicial notice in supp. of Motion, filed 12/21/18 (dkt. no. 15) ("Request"), Exh. A (California Complaint).] The defendants named in the California Complaint were Vistana and Starwood Hotels & Resorts Worldwide, Inc. ("California Defendants"). [Id. at pg. 4.[3]] Plaintiff's California Complaint is also based on his 2016 SPG status downgrade, and his discovery in 2016 that his 2006 Contract was not complete. [Id. at pgs. 5-6.] Plaintiff also alleged the California Defendants failed to turn over a public report in violation of California law, and failed to disclose the annual assessment fees and taxes for the property. As a result, Plaintiff sought rescission of the 2006 Contract and punitive damages. [Id. at pgs. 6-7.]

After the case was removed to the United States District Court for the Central District of California, the district court granted the California Defendants' motion to dismiss the California Complaint. [Request, Exh. B (10/19/17

---

[3] Defendants' Exhibit A is a nonconsecutively paginated document therefore, all citations refer to the page numbers assigned by this district court's electronic numbering system.

4

order dismissing the California Complaint ("10/19/17 California Order")).[4]  The district court explained that Plaintiff's claims failed because: 1) the choice-of-law provision stated the laws of Hawai`i governed disputes arising under the 2006 Contract, therefore Plaintiff's claims based on California law must be dismissed;[5] 2) Plaintiff's exhibits attached to the California Complaint negated his fraud claims; and 3) Plaintiff's punitive damages claims were remedies, not claims.  10/19/17 California Order, 2017 WL 6886721 at *3-7.  On November 2, 2017, the district court entered a judgement against Plaintiff and in favor of the California Defendants, and awarded them their costs ("California Judgment").  [Request, Exh. C (California Judgment).]  Plaintiff appealed the California Judgment to the Ninth Circuit Court of Appeals, and on April 17, 2018, the Ninth Circuit issued its memorandum disposition affirming the California Judgment.  [Request, Exh. D (4/11/18 mem. dispo.).[6]]

---

[4] The 10/19/17 California Order is also available at Chung v. Vistana Vacation Ownership, Inc., Case No. CV 17-04803-RGK(JCx), 2017 WL 6886721 (C.D. Cal. Oct. 19, 2017).

[5] Plaintiff's claims in the California Complaint were based on the California Vacation Ownership and Time-Share Act of 2004 ("VOTSA"), Cal. Bus. & Prof. Code § 11210, et seq.  2017 WL 6886721 at *3.

[6] The April 11, 2018 memorandum disposition is also available at Chung v. Vistana Vacation Ownership, Inc., 719 F. App'x 698 (9th Cir. 2018).

**III. Motion**

In the instant Motion, Defendants assert all claims should be dismissed because: 1) the doctrine of res judicata precludes Plaintiff from asserting the same claims, or claims that could have been brought in the California Complaint; 2) the six-year statute of limitations under Haw. Rev. Stat. § 657-1(4) bars Plaintiff's claims; 3) Plaintiff's exhibits to the Complaint contradict his allegations that he did not receive the timeshare disclosures; and 4) Plaintiff's allegations fail to state a claim upon which relief can be granted.

**DISCUSSION**

**I. Consideration of Materials Beyond the Pleadings**

First, the Court will address Defendants' request for the Court to take judicial notice of Defendants' Exhibits A through H. As a general rule, this Court's scope of review in considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss is limited to the allegations in the complaint. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018), *cert. petition docketed*, No. 18-1010 (Feb. 4, 2019). If the district court considers materials beyond the pleadings, "the 12(b)(6) motion converts into a motion for summary judgment under [Fed. R. Civ. P.] 56," and "both parties must have the opportunity 'to present all the material that is pertinent to the motion.'" Id. (quoting Fed. R. Civ. P. 12(d)). However, a

district court can consider materials beyond the pleadings without converting the motion to dismiss into a motion for summary judgment if either the incorporation by reference doctrine or Fed. R. Evid. 201 judicial notice applies. Id.

Defendants' Request is made pursuant to the latter doctrine, which permits a court to take notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" is not subject to reasonable dispute. Id. Matters of public record are not subject to reasonable dispute. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER." (citations omitted)). However, "a court cannot take judicial notice of disputed facts contained in such public records." Khoja, 899 F.3d at 999 (citation omitted).

Because Defendants' Exhibits A through H are court records filed in the California Action, and Plaintiff has not objected to Defendants' Request, this Court will take judicial notice of Defendants' Exhibits A through H, but only as to the facts within those records that are not disputed in the California Action.

7

## II. Plaintiff's Claims

### A. Whether Plaintiff's Claims are Time-Barred and the Applicable Limitations Period

To the extent Defendants have argued the six-year statute of limitations applies to Plaintiff's claims based on Chapter 514E, the Court rejects this proposition. In Flynn v. Marriott Ownership Resorts, Inc., 165 F. Supp. 3d 955 (D. Hawai`i 2016), this Court clarified that, when a claim is brought pursuant to Haw. Rev. Stat. §§ 514E-11 and 514E-11.1, but the allegations "reveal[] that the nature of the claim is ultimately a [Haw. Rev. Stat.] Chapter 480 [Unfair and Deceptive Acts and Practices ("UDAP")] claim," the four-year statute of limitations under § 480-24(a) applies. 165 F. Supp. 3d at 965. In reaching this conclusion, this Court reasoned that:

> an examination of the allegations in Count V reveals that the nature of the claim is ultimately a Chapter 480 UDAP claim. See Au v. Au, 63 Haw. 210, 214, 626 P.2d 173, 177 (1981) ("The proper standard to determine the relevant limitations period is the nature of the claim or right, not the form of the pleading. The nature of the right or claim is determined from the allegations contained in the pleadings." (citations omitted)). The allegations in Count V are based upon the language in Haw. Rev. Stat. § 514E-11, titled "Prohibited practices," and § [sic] Haw. Rev. Stat. § 514E-11.1, titled "Deceptive trade practices." Compare Complaint at ¶ 151 with Haw. Rev. Stat. § 514E-11(4), (6), and Haw. Rev. Stat. § 514E-11.1(8), (10), (11).
>
> Section 514E-11 states: "Any violation of this section shall also constitute an unlawful or deceptive practice within the meaning of [Haw.

> Rev. Stat. §] 480-2," and the practices listed in
> § 514E-11.1 "constitute an unfair or deceptive
> practice, within the meaning of chapter 480."
> Plaintiffs allege that, "[a]s a result of
> Defendants' **unfair and deceptive practices**
> described herein, the Plaintiffs . . . have
> suffered damages, including but not limited to
> loss of property and loss of money." [Complaint
> at ¶ 152 (emphasis added).] This Court therefore
> FINDS that the nature of the claim or right
> alleged in Count V is a Chapter 480 UDAP claim.

Id. (some alterations in Flynn).

Plaintiff has not identified which sections of Chapter 514E his claims arise under, but alleges Defendants engaged in "prohibited practices" and "withheld disclosures pertaining to the timeshare contracts." See Complaint at pgs. 5 & 9, ¶¶ 1-3, 11-12. This is similar to the language of § 514E-11 "Prohibited Practices," and Haw. Rev. Stat. § 514E-9 "Disclosure statement."[7] Section 514E-11 sets out a list of practices that timeshare agents are prohibited from engaging in, and in particular, prohibits timeshare agents from "[f]ail[ing] to comply with the disclosure requirements **set forth in section 514E-9 or any rule adopted pursuant thereto[.]**" Haw. Rev. Stat. § 514E-11(1) (emphasis added). Section 514E-9 lists the type of disclosures required by Chapter 514E for "every offering of a

---

[7] Plaintiff's Count III does not appear to allege Defendants withheld disclosures, but instead focuses on Defendants' alleged "prohibited practice[]" of misrepresenting the cancellation date of the 2007 Contracts and falsely indicating Plaintiff's consent to check lists on the 2006 and 2007 Contracts. [Complaint at pg. 12, ¶ 3.]

9

time sharing plan to the public." Because Plaintiff's claims arise under § 514E-11, which includes § 514E-9, and "[a]ny violation of [§ 514E-11] shall also constitute an unlawful or deceptive practice within the meaning of section 480-2," the Court construes Plaintiff's Counts I, II and III as Chapter 480 UDAP claims. Accordingly, the Court applies the four-year statute of limitations under § 480-24 to Plaintiff's Counts I, II and III.

### B. When the Limitations Period Began to Run

Plaintiff has argued the discovery rule permits him to bring his claims because he did not learn of his injury until Defendants downgraded Plaintiff's SPG status in 2016, and he reviewed Defendants' records of the 2006 and 2007 Contracts. [Mem. in Opp. at 5.] With regard to UDAP claims, this Court has stated the limitations period begins to run "upon the occurrence of the defendant's alleged violation," not the date of an injury. Lowther v. U.S. Bank N.A., 971 F. Supp. 2d 989, 1008 (D. Hawai`i 2013) (citations, internal quotation marks and brackets omitted). Only if there is a "continuing violation," where "the conduct complain[ed] of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts," and the suit is brought within the limitations period of the last act, would the claim be timely. See id. at 1009 (internal quotation marks and citation omitted).

10

Here, Plaintiff has not alleged a continuing injury, and only asserts discrete acts, *i.e.*, Defendants' alleged failure to include unidentified disclosures with the 2006 Contract and the 2007 Contracts at the time they were entered into; and Defendants' alleged sale of timeshare contracts using "prohibited practices." [Complaint at pg. 12, ¶ 3.] As to the disclosures, Plaintiff has not specifically identified which disclosures were not included with the 2006 and 2007 Contracts, but states Defendants omitted "18 pages [that] were significantly contrary to the terms of the timeshare purchase and would have been crucial in evaluating the scopes and values of the timeshare purchase." [Id. at pg. 11, ¶ 1.] To the extent Plaintiff asserts he should have obtained this information before entering into the 2006 and 2007 Contracts, or at the very least, concurrently with the execution of the 2006 and 2007 Contracts, Defendants' alleged failure to do so occurred no later than the date Plaintiff entered into those agreements. Similarly, Plaintiff's allegation under Count III that the 2007 Contracts provided a deadline to cancel the transaction that pre-dated the execution of the agreement, is a discreet issue that arose at the time the 2007 Contracts were executed.

As to Plaintiff's allegation in Count III that Defendants "altered the check lists of sales contract

documentations because the check marks (slashes '/') were not of Plaintiff's," it appears this occurred at the time of each timeshare purchase. [Complaint at pg. 12, ¶ 3.[8]] Furthermore, because Count III alleges Defendants "**sold** timeshare contracts with prohibited practices," see Complaint at pg. 12, ¶ 3 (emphasis added), it appears the alleged prohibited practices occurred at the **time of the sale**, not after. Accordingly, Plaintiff's limitations period for this claim started to run when Plaintiff entered into his timeshare agreements.

This Court therefore finds that Plaintiff's limitation period for his UDAP claims for the 2006 and 2007 Contracts began to run upon the date Plaintiff entered into the respective contracts, unless Plaintiff can allege facts sufficient to toll the statute of limitations. See, e.g., Rundgren v. Bank of N.Y. Mellon, 777 F. Supp. 2d 1224, 1230-31 (D. Hawai`i 2011) (ruling that claims brought pursuant to Chapter 480 may rely on the fraudulent concealment doctrine to toll the statute of limitations). Because all of Plaintiff's claims arise out of the 2006 and 2007 Contracts, Plaintiff's claims are all time-barred under the four-year statute of limitations of § 480-

---

[8] Plaintiff alleges "Defendants' sales person(s) or administrator(s) checked off the check lists without validating with Plaintiff each line item, . . . after signing [the] sales contract documentations but before putting together all papers and providing to Plaintiff as 'Owner(s) Copy.'" [Complaint at pg. 12, ¶ 3.]

24(a).  Therefore, Plaintiff has failed to state a plausible UDAP claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007))).  Accordingly, the Court grants Defendants' Motion to the extent that the four-year statute of limitations precludes Plaintiff's Counts I, II and III.

### III. Other Arguments

Although the Court has concluded that all of Plaintiff's claims must be dismissed because they are time-barred, for the sake of completeness, the Court takes up Defendants' argument that Plaintiff's claims are precluded by res judicata based on the California Judgment.  Because the California Judgment is a federal judgment, this Court looks to federal common law to determine whether res judicata would bar Plaintiff's claims.  See Int'l Bhd. of Teamsters v. U.S. Dep`t of Trans., 861 F.3d 944, 955 (9th Cir. 2017).  "Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties."  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).

Plaintiff does not dispute that the parties in both actions are identical or in privity with one another, however, Plaintiff argues there was no final judgment in the California Action, and the instant Complaint – with one exception – alleges all new claims.

**A.      Final Judgment**

Generally, dismissal of a claim without leave to amend is a decision on the merits.  See Fed. R. Civ. P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits")). Moreover, "[d]ismissals under Rule 12(b)(6) . . . are judgments on the merits." Hampton v. Pac. Inv. Mgmt. Co., 869 F.3d 844, 846 (9th Cir. 2017) (citing Fed. Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981)).

Here, the California Judgment was issued pursuant to Rule 12(b)(6), or "on the grounds that plaintiff's Complaint failed to state a claim on which relief may be granted." [California Judgment at 1.]  Thus, the California Judgment is a final decision on the merits.

**B. <u>Identical Claims</u>**

This Court must look to four criteria when deciding whether claims are identical for the purpose of res judicata:

> "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." <u>United States v. Liquidators of European Fed. Credit Bank</u>, 630 F.3d 1139, 1150 (9th Cir. 2011). The fourth criterion is the most important. <u>Id.</u> at 1151.

<u>Harris v. Cty. of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012). Claims that are "[n]ewly articulated" but "based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." <u>Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency</u>, 322 F.3d 1064, 1078 (9th Cir. 2003). In other words,

> Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.

<u>Id.</u> (quoting <u>United States ex rel. Barajas v. Northrop Corp.</u>, 147 F.3d 905, 909 (9th Cir. 1998)).

Because Plaintiff previously alleged claims arising out of the 2006 Contract in the California Complaint, Plaintiff

15

is precluded from relitigating his claims that were, "or could have been asserted." See Liquidators of European Fed. Credit Bank, 630 F.3d at 1151 (internal quotation marks and citations omitted). Whether Plaintiff is precluded from asserting his claims related to the 2007 Contracts is a closer question because he did not identify the 2007 Contracts as the basis of the California Complaint. Still, "the inquiry about the same transactional nucleus of facts **is the same inquiry** as whether the claim could have been brought in the previous action." Id. (emphasis in original) (internal quotation marks omitted).

Here, Plaintiff alleges the same injury in both actions, *i.e.*, his 2016 downgrade from Platinum to Gold status, see Complaint at pg. 10; California Complaint at pg. 5, ¶ 2, and alleges Defendants claimed there was no supporting documentation for Plaintiff's prior Platinum status and any privileges Plaintiff had enjoyed were the result of a "system error" on Defendants' part. [Complaint at pg. 10; California Complaint at pg. 5, ¶ 2.] Following Plaintiff's multiple complaints in March, April, and May of 2016, on June 2, 2016, Defendants provided Plaintiff with a copy of the 2006 Contract, see California Complaint at pg. 5, ¶ 2, and on June 15, 2016, Defendants provided Plaintiff with copies of the 2007 Contracts. See Complaint at pg. 10. Almost a year after receiving the 2006

Contract and 2007 Contracts, Plaintiff filed the California Complaint on May 19, 2017.

Even though Plaintiff did not include claims relating to the 2007 Contracts in the California Complaint, nothing prevented him from asserting those claims at that time. Plaintiff's SPG status downgrade from Platinum to Gold - whether it was based on the 2006 Contract or the 2007 Contracts - "arose at the same time." See Liquidators of European Fed. Credit Bank, 630 F.3d at 1151. Moreover, because Plaintiff received a copy of Defendants' records of the 2007 Contracts on June 15, 2016, nearly a year before he filed the California Complaint, it was possible for him to include those claims in the California Action. Plaintiff could have also amended his California Complaint to cure the defects identified in the 10/19/17 California Order and add his claims related to the 2007 Contracts, but he chose not to.[9] Because Plaintiff could

---

[9] The Ninth Circuit noted that "Because [Plaintiff] **has made no attempt** to clarify how he would overcome these deficiencies in his complaint, . . . the district court properly determined that leave to amend would be futile." 719 F. App'x at 698 (emphasis added). Plaintiff also represented to the district court that he accepted the 10/19/17 California Order dismissing his case, and intended to "refile this case" and "file additional claims under Hawaii's [Timeshare Law Act of 1980, Haw. Rev. Stat. §§ 514E-1, *et seq.*,] for two 2007 additional purchase agreements that were executed in clear violation of the statute." [Request, Exh. G (mem. in opp. to the California Defs.' notice of lodging of proposed judgment of dismissal, filed 11/1/17), at 2.]

have brought his claims relating to the 2006 and 2007 Contracts in the California Action but failed to do so, res judicata precludes Plaintiff from asserting those claims here.

## IV. Leave to Amend

If Plaintiff wishes to proceed with this action, he must file a motion seeking leave to file an amended complaint ("Motion for Leave"), on or before **May 10, 2019**. The Motion for Leave will be referred to the magistrate judge.

Plaintiff is CAUTIONED that he must attach his proposed amended complaint to the Motion for Leave, and the proposed amended complaint must include all of the claims that he wishes to allege, as well as all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint. He cannot incorporate any part of his original Complaint into the proposed amended complaint by merely referring to the original Complaint. This Court will not consider Plaintiff's amended complaint collectively with his original Complaint.

This Court also CAUTIONS Plaintiff that, if he fails to file his Motion for Leave with his proposed amended complaint by **May 10, 2019**, this Court will dismiss his claims with prejudice – in other words, without leave to amend. Plaintiff would then have no remaining claims in this case, and this Court would direct the Clerk's Office to close the case. Further,

Plaintiff is CAUTIONED that, even if the magistrate judge grants his Motion for Leave and allows him to file his proposed amended complaint, this Court may still dismiss the amended claims with prejudice if Plaintiff fails to cure the defects identified in this Order.

Finally, the Court reserves ruling on Defendants' arguments that: Plaintiff's exhibits contradict his allegations; and Plaintiff's allegations do not provide fair notice of his intended claims; because Plaintiff may be filing a Motion for Leave with a proposed amended complaint that may clarify his claims, or render these issues moot.

## **CONCLUSION**

On the basis of the foregoing, Defendants' Motion to Dismiss Complaint, filed December 21, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as all of Plaintiff's claims are DISMISSED, and the Motion is DENIED insofar as the dismissal is WITHOUT PREJUDICE.

Further, Plaintiff may file a motion seeking leave to file an amended complaint by **May 10, 2019**. The Motion for Leave must comply with the terms of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, March 29, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KEICY CHUNG VS. VISTANA VACATION OWNERSHIP, INC., ET AL; CV 18-00469 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**