IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEICY CHUNG, | CIV. NO. 18-00469 LEK-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE |
| VISTANA VACATION OWNERSHIP, INC., STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE

Before the Court is Plaintiff Keicy Chung's ("Plaintiff") "Motion to [sic] Leave to Amend Complaint," filed on October 16, 2019 ("Fourth Motion"). ECF No. 90. The Court elects to decide the Fourth Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules" or "LR"). After careful review of the Motion, proposed amended complaint, supporting and opposing memoranda, and applicable law, the Court FINDS and RECOMMENDS that the Motion be DENIED and that this case be DISMISSED WITH PREJUDICE.

BACKGROUND

On November 29, 2018, Plaintiff filed his Complaint in the United States District Court for the District of Hawaii. ECF No. 1. Plaintiff alleged that, on or about May 22, 2006, he entered into an agreement to purchase a timeshare unit from Defendants Vistana

Vacation Ownership, Inc. and Starwood Hotels & Resorts Worldwide, LLC (collectively "Defendants") ("2006 Purchase") and received "Platinum status" through the Starwood Preferred Guest ("SPG") Loyalty Program ("SPG Loyalty Program") for his 2006 timeshare purchase.  In 2007, Plaintiff entered into two agreements to purchase timeshares from Defendants ("2007 Purchase").  Plaintiff alleged that in 2016, Defendants "downgraded" his SPG Loyalty Program status from platinum to gold.  In response, Plaintiff requested from Defendants copies of his timeshare purchase documents.  Plaintiff alleged that certain required disclosures were not provided to him or that some disclosures were deficient.  Plaintiff argued that his timeshare purchases were voidable and that he was entitled to damages.

Before filing this action, Plaintiff filed a complaint on May 19, 2017 (the "California Complaint") in the Superior Court of California, County of Los Angeles, against Defendants (the "California Action").  The Defendants removed the California Action to the United States District Court for the Central District of California on June 29, 2017.  ECF No. 14-1 at p. 7.  Among other things, the California Complaint was based on Plaintiff's alleged 2016 SPG status downgrade, and his discovery in 2016 that the contract for his 2006 Purchase was allegedly incomplete.  ECF No. 57 at p. 4.  On October 19, 2017, the district court in the California Action granted Defendants' motion to dismiss.  ECF No. 15-2.  On November 2, 2017, the court entered judgment against Plaintiff and awarded Defendants' costs.  ECF No. 57 at p. 5.  On April 17, 2018, after Plaintiff appealed, the Ninth Circuit Court of Appeals issued its memorandum disposition affirming the judgment.  Id.

2

On December 21, 2018, Defendants moved to dismiss the Complaint in the instant action based on the arguments that: (1) the doctrine of res judicata precludes Plaintiff from asserting the same claims or claims that could have been brought in the California Complaint; (2) the six-year statute of limitations under Haw. Rev. Stat. § 657-1(4) bars Plaintiff's claims; (3) Plaintiff's exhibits to the Complaint contradict his allegations that he did not receive the timeshare disclosures; and (4) Plaintiff's allegations fail to state a claim upon which relief can be granted. ECF No. 14. Plaintiff filed his memorandum in opposition on January 3, 2019, and Defendants filed their reply brief on February 21, 2019. ECF Nos. 20 & 48.

The Order Granting in Part and Denying in Part Defendants' Motion to Dismiss was filed on March 29, 2019 ("Dismissal Order"). ECF No. 57. The Dismissal Order dismissed Plaintiff's Complaint without prejudice but granted Plaintiff leave to amend his Complaint. Defendants' request to take judicial notice of court records in connection with the California Action (*i.e.*, Exhibits A through H in ECF No. 15) was granted, but only as to the facts within those records that are not disputed in the California Action. ECF No. 57 at p. 7.

Among other things, the Dismissal Order found that Plaintiff's claims were time-barred due to the four-year limitation period imposed by Chapter 480 of Hawaii's Unfair and Deceptive Acts and Practices statute. ECF No. 57 at pp. 8-13. The court also held that the judgment dismissing Plaintiff's claims in the California Action is a final decision on the merits and, because Plaintiff's claims all related to and arose from the 2006 and 2007 Purchases, Plaintiff could have alleged his claims in the previous California Action

but failed to do so.  Id.  Therefore, *res judicata* precluded Plaintiff from asserting the same three claims in this action.  ECF No. 57 at pp. 14-18.

On February 12, 2019, Plaintiff filed his first motion for leave to amend the Complaint ("First Motion").  ECF NO. 44.  Plaintiff's First Motion was denied for failure to comply with the rules.  ECF No. 52.

On April 29, 2019, Plaintiff filed his second motion for leave to amend the Complaint ("Second Motion").  ECF No. 59.  The Second Motion alleges four claims that are similar to the claims asserted in the California Action and in the original complaint in this action, *i.e.*, (1) "Defendants illegally changed benefits 10 years later [;]" (2) "Defendants withheld disclosures pertaining to the time share contracts of 2006[;]" (3) "Defendants withheld disclosures pertaining to the time share contracts of 2007[;]" and (4) "Defendants sold time share contracts with prohibited practices."  Id. at p. 29.  On June 27, 2019, the court found that Plaintiff's proposed amendments were futile and denied Plaintiff's Second Motion.  ECF No. 69.  The Order denying Plaintiff's Second Motion was filed on August 27, 2019.  ECF No. 85.

On July 29, 2019, Plaintiff filed his Third Motion for leave to amend the Complaint ("Third Motion").  ECF No. 72.  Plaintiff sought to add Marriott International, Inc. and Doe 1-10 as defendants.  ECF No. 72.  On September 10, 2019, the Court denied Plaintiff's Third Motion.  ECF NO. 89.  The Court found that the addition of the proposed defendants did not cure the defects identified in the Dismissal Order.

On October 16, 2019, Plaintiff filed the instant motion.  ECF No. 90.  Plaintiff again seeks to add Marriott International, Inc. and Doe 1-10 as defendants.  Plaintiff also

seeks to add new claims that: (1) "Defendants committed multiple counts of mail and wire frauds under U.S. Code 1341 and 1343 from 2006 till 2015" and (2) Defendants committed "fraudulent, deceptive, and misleading practices" under the "California Vacation Ownership and Time-Share Act of 2004." Id. at p. 3. In addition, Plaintiff argues that there are "two major deficiencies" in the court's Dismissal Order regarding "res judicata and time-barred issues." Id. at p. 4.

On November 21, 2019, Defendants filed their Memorandum in Opposition to Plaintiff's Fourth Motion and Request for Judicial Notice in Support of Defendants' Memorandum in Opposition. ECF Nos. 92 & 93. On November 29, 2019, Plaintiff filed his Reply. ECF No. 94. On January 31, 2020, the Court ordered Plaintiff to file a redlined version of his proposed amended complaint pursuant to the Local Rule 10.4. ECF No. 97. On February 20, 2020, Plaintiff filed a document titled Supplemental to Amended Complaint (10/15/19) Redlined Version ("Supplemental"). ECF No. 98.

## DISCUSSION

This is Plaintiff's fourth motion seeking leave to amend his complaint. First, the Court will address Defendants' Request for Judicial Notice in Support of Defendants' Memorandum in Opposition. ECF No. 93. Second, in this case, Plaintiff has a history of repeated violations of the court's orders and applicable rules. The Court will discuss Plaintiff's numerous violations and finds that on these violations alone, Plaintiff's Fourth Motion should be denied, and the case should be dismissed with prejudice. Third, denial of the Fourth Motion is appropriate because Plaintiff's proposed amendment is futile.

Fourth, dismissal with prejudice is also warranted after weighing the five factors in

Pagtalunan.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Plaintiff is a pro se litigant.  As such, this Court is required to "liberally construe

the 'inartful pleading' of pro se litigants."  Eldridge v. Block, 832 F.2d 1132, 1137 (9th

Cir. 1987).  However, even if liberally construed, the Fourth Motion should be denied.

This case should be dismissed with prejudice not only based on Plaintiff's violations, but

also on the issue of futility and after weighing the five Pagtalunan factors.  Pagtalunan,

291 F.3d 639.

A.    Defendants' Request for Judicial Notice

Defendants request that the Court take judicial notice of their Exhibits I, J, and K

pursuant to the Federal Rules of Evidence, Rule 201:

> **Exhibit I:**  A true and correct copy of Defendants' Certification and Notice
> of Interested Parties filed in *Keicy Chung v. Vistana Vacation Ownership,
> Inc., et al.*, Case No. 2:17-cv-04803-RJK-JC [ ], in the United States District
> Court for the Central District of California.

> **Exhibit J:**  A true and correct copy of Defendants-Appellees Answering
> Brief filed in the Ninth Circuit Court of Appeals, Case Number 17-55691,
> dated March 7, 2018, including Defendants-Appellees' Corporate Disclosure
> Statement.

> **Exhibit K:**  A true and correct copy of the transcript of the June 27, 2019
> hearing on Plaintiff's Second Motion for Leave before the Honorable Rom
> Trader, United States Magistrate Judge.

ECF NO. 93 at p. 2.  Rule 201 of the Federal Rules of Evidence states that "[t]he court

may judicially notice a fact that is not subject to reasonable dispute because it: (1) is

generally known within the trial court's territorial jurisdiction; or (2) can be accurately

and readily determined from sources whose accuracy cannot reasonably be questioned."

Fed. R. Evid. 201.  Matters of public record are not subject to reasonable dispute.  <u>See</u>

<u>United States v. Raygoza-Garcia</u>, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take

judicial notice of undisputed matters of public record, which may include court records

available through PACER.") (citation omitted).  However, "a court cannot take judicial

notice of disputed facts contained in such public records."  <u>Khoja v. Orexigen</u>

<u>Therapeutics, Inc.</u>, 899 F.3d 988, 999 (9th Cir. 2018) (citation omitted).  Exhibits I, J, and

K are court records or part of the court's records filed in the California Action and/or the

records in this action.  Notably, Plaintiff has not objected to Defendants' request.  As

such, the Court will take judicial notice of Exhibits I, J, and K, but only as to the facts

within those records that are not disputed.

B.    <u>Plaintiff's Repeated Violation of the Court's Orders and Governing Rules</u>

Pro se litigants are required to "abide by all local, federal, and other applicable

rules and/or statutes."  LR81.1(a).  Failure to do so may result in sanctions.  "Sanctions,

including but not limited to entry of default judgment or **dismissal with prejudice**, may

be imposed for failure to comply with the Local Rules."  <u>Id.</u> (emphasis added).  Under

Local Rule 11.1, "Failure of . . . a party to comply with any provision of the Local Rules

is a ground for imposition of appropriate sanctions, including a fine or **dismissal**.

Sanctions may be imposed by the court sua sponte consistent with applicable law."

LR11.1 (emphasis added).  In addition, Fed. R. Civ. P. 41(b) authorizes involuntary

dismissals for "fail[ure] to prosecute or to comply with [the federal] rules or a court

order."  Fed. R. Civ. P. 41(b).  Unless an order for dismissal specifies otherwise, a

dismissal under Fed. R. Civ. P. 41(b) "operates as an adjudication on the merits."  <u>Id.</u>

In this case, Plaintiff (1) has not complied with the Dismissal Order, (2) repeatedly failed to follow the governing rules, and (3) ignored the Court's orders on numerous occasions. The Court finds that Plaintiff has violated LR81.1 and LR11.1 on numerous instances and was afforded multiple opportunities to comply. Fed. R. Civ. P. 83(a) vests the Court with the authority to enact local rules and to regulate practice in conformity with the local rules adopted by the court. "Local rules have the 'force of law' and are binding upon the parties and upon the court[.]" Professional Programs Group v. Department of Commerce, 29 F.3d 1349, 1353 (9th Cir. 1994) (citing Martel v. County of Los Angeles, 21 F.3d 940, 946-47 (9th Cir. 1994)). However, time and time again, Plaintiff has disregarded the Local Rules and the court's orders. Accordingly, the Court FINDS and RECOMMENDS that pursuant to LR81.1 and LR11.1 and under Fed. R. Civ. P. 41(b), dismissal with prejudice is appropriate.

      1.    <u>Plaintiff Failed to Comply with the Dismissal Order</u>

In the Dismissal Order, the district court clearly set forth its reasons for granting Defendants' Motion to Dismiss Complaint and explained in detail the deficiencies in Plaintiff's Complaint. Although the district court dismissed the Complaint, Plaintiff was granted leave to amend. The Court cautioned Plaintiff that he may not incorporate by reference any part of his original complaint in his proposed amended complaint. The Court also cautioned Plaintiff that the Court may still dismiss the amended claims with prejudice if Plaintiff fails to cure the defects identified in the Dismissal Order.

Plaintiff failed to comply with the Dismissal Order in his Second Motion.[1]  First, Plaintiff failed to attach his proposed amended complaint as a separate document from the Second Motion.  Instead, his Second Motion and arguments therein were submitted as his amended complaint.  By failing to attach his proposed amended complaint to the Second Motion, Plaintiff also failed to comply with this court's Entering Order issued February 27, 2019, which denied the First Motion.  ECF No. 52.  The Entering Order cited to the Local Rule 10.4 and explained to Plaintiff that a proposed amended complaint may not incorporate any part of a prior pleading by reference.  Id.  The Court could have denied the Second Motion based on Plaintiff's failure to follow the Court's orders and the Local Rules.  However, the Court liberally construed the pleading and addressed the merits of the Second Motion.

Plaintiff further failed to comply with the Dismissal Order when he failed to state any facts or other circumstances in his proposed amended complaints that would address the deficiencies in his original Complaint.  In the proposed amended complaint in the Second Motion, Plaintiff merely reiterated the arguments made in his original Complaint. In the proposed amended complaint in the Third Motion, Plaintiff sought to add Marriott International, Inc. and Doe 1-10 as defendants but again, the addition of these parties does not cure the defects identified in the Dismissal Order.

---

[1] Plaintiff's First Motion also failed to comply with the Dismissal Order, but the First Motion was filed on February 12, 2019 (ECF No. 44) before the Dismissal Order was filed on March 29, 2019 (ECF No. 57).  Therefore, Plaintiff could not have known the district court's instructions at the time he filed his First Motion.  However, this does not excuse his failure to comply with Local Rule 10.4, which prohibits filing a proposed amended complaint that incorporates by reference a prior pleading.

2.    <u>Plaintiff Repeatedly Disregarded the Rules and the Court's Orders</u>

The Court cautioned Plaintiff on several occasions to abide by the applicable rules, but such warnings were ignored.  ECF Nos. 57, 75, 82, & 84.  Plaintiff has repeatedly failed to follow the applicable rules when litigating his case.   Plaintiff's Motion for Default Judgment was procedurally improper as an entry of default was not made prior to the Plaintiff's Motion for Default Judgment (ECF No. 19 & 35).  <u>See</u> Fed. R. Civ. P. 55(a).  In addition, Plaintiff failed to follow Local Rule 10.4 when his proposed amended complaint in his First Motion incorporated his prior pleading by reference.  ECF No. 52. Local Rule 10.4 requires that "[a]ny party filing or moving to file an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."  LR10.4.  Plaintiff again failed to attach a complete and separate, proposed amended complaint to the Second Motion.

Plaintiff failed to follow the applicable rules when he filed his Motion for Stay/Set-Aside Defendants' Order Denying Plaintiff's Motion to Leave to Amend Complaints.  ECF No. 76.  In his Motion to Stay/Set-Aside, Plaintiff requested that the Court stay or set aside its order memorializing the Court's ruling on June 27, 2019 until after the Third Motion was heard.  Such relief is not authorized by the rules.  If Plaintiff sought to object to the Court's order or move for reconsideration, he should have done so according to the procedures set forth in the Local Rules.

Plaintiff improperly attempted to engage the Court in ex parte communication.
When Plaintiff sought to reply to Defendants' Opposition to the Third Motion, he should
have referenced the rules to determine the due date for his reply. Instead, Plaintiff
contacted the Courtroom Manager of this Court for this information. Plaintiff also
improperly sought legal advice from the Courtroom Manager and attempted to
communicate to the Court through the Court's Orders mail box. ECF No. 82. Further,
Plaintiff disregarded the deadline to submit an objection to the Third Motion and made an
untimely request for an extension. ECF NO. 75.

Plaintiff's Fourth Motion fails to comply with Local Rule 10.4, this Court's
Entering Order dated January 31, 2020 (ECF No. 97) ("Entering Order"), and Fed. R.
Civ. P. 8. First, the proposed amended pleading is not in redline format as required by
Local Rule 10.4. Second, the Court's Entering Order directed Plaintiff to file his
proposed amended pleading in redline format. ECF No. 97. The Court specifically
instructed that the redlined pleading be filed as a supplemental to the Fourth Motion. On
February 20, 2020, Plaintiff filed a redlined pleading that appears to be missing 9 pages.[2]
In addition, Plaintiff filed the redlined pleading as a "Supplemental to Amended
Complaint (10/15/19) Redlined Version" and not a supplemental to the Fourth Motion as
directed. ECF No. 98. Plaintiff has been cautioned multiple times that Local Rule 10.4
prohibits incorporation by reference to a prior pleading, yet Plaintiff again ignored the
rule and did not follow the Court's instructions.

---

[2] The original proposed amended pleading to the Fourth Motion contains nine additional
pages (ECF No. 90-1) in comparison to the proposed amended pleading filed on February
20, 2020 (ECF No. 98).

Third, Plaintiff failed to comply with Fed. R. Civ. P. 8(a), which requires
pleadings to be "a short and plain statement of the claim showing that the pleader is
entitled to relief[.]"  The proposed amended complaint to the Fourth Motion is not a
concise statement of Plaintiff's claims, but includes argument in support of the Fourth
Motion as well as arguments in support of the claims.  In fact, none of Plaintiff's
proposed amended complaints complied with Fed. R. Civ. P. 8(a).  Thus, Plaintiff's
numerous violations of court orders, the applicable rules (Local Rules 81.1 and 11.1, Fed.
R. Civ. P. 8 and 41(b)), and the Dismissal Order warrant dismissal with prejudice.

      3.    <u>Plaintiff Ignored the Court's Orders on Numerous Occasions</u>

Plaintiff repeatedly ignored the Court's orders.  Plaintiff reasserts the same
arguments that have already been ruled on by the district court and this Court.  In the
Third Motion, Plaintiff sought to add Marriott International, Inc. and Doe 1-10 as
defendants.  This Court denied the Third Motion because adding Marriott International,
Inc. and Doe 1-10 as parties does not toll the statute of limitations.  Nevertheless,
Plaintiff again seeks to add Marriott International, Inc. and Doe 1-10 as defendants in his
Fourth Motion.  In addition, Plaintiff sought to revisit arguments regarding the statute of
limitations and res judicata when the district court has already ruled on these issues.
Accordingly, dismissal with prejudice is warranted.

C.    <u>The Proposed Amendments are Futile</u>

Plaintiff's Fourth Motion should be denied because the proposed amendments are
futile.  The Court's decision to grant or deny a motion for leave to amend is guided by the
five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4)

futility of amendment, and (5) whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)).  However, not all factors merit equal weight.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Futility alone can justify the denial of a motion to amend."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

"When a court denies leave to amend on the ground of futility, it means that the court has reached the legal conclusion that the amended complaint could not withstand a Rule 12(b)(6) motion."  Illinois Nat. Ins. Co. v. Nordic PLC Const., Inc., Civ. No. 11-00515 SOM-KSC, 2013 WL 1337007, at *5 (D. Haw. Mar. 28, 2013).  "Thus, the 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'"  Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)).  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) (citing Miller, 845 F.2d at 214).

"The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'"  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).  If the facts or circumstances a plaintiff relies on may be the basis of relief, the plaintiff should be

afforded an opportunity to test his/her claim on the merits.  Foman v. Davis, 371 U.S.
178, 182 (1962).  "Although leave to amend should be given freely, a district court may
dismiss without leave where a plaintiff's proposed amendments would fail to cure the
pleading deficiencies and amendment would be futile."  Cervantes v. Countrywide Home
Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (citation omitted).

In the Fourth Motion, it is not clear which documents are the proposed amended
complaint.  The Fourth Motion includes 9 additional pages that are omitted from the
Supplemental.  The proposed amended complaint also inappropriately includes argument
in support of the Fourth Motion.  In addition, the proposed amended complaint in the
Fourth Motion contains a list of claims, but Plaintiff failed to list his California Vacation
Ownership and Time-Share Act of 2004 claims and arguments regarding the District
Court's ruling on the statute of limitations and res judicata issues.  See ECF No. 90-1 at
p. 6.  Nevertheless, the Court shall liberally construe Plaintiff's pleading and will
consider the Fourth Motion and Supplemental as the proposed amended complaint.

The facts alleged in the proposed amended complaint are substantially similar to
the facts alleged in the original Complaint.  Namely, Plaintiff alleges that during the 2006
and 2007 Purchase, Defendants withheld disclosures and documents pertaining to the
Purchase Contracts in 2006 and 2007 after the signing of the contracts in those years.  As
Plaintiff briefly argues in his original Complaint and now repeats and emphasizes in his
proposed amended complaint, Defendants had maintained Plaintiff's Platinum status over
the years until 2016, the year he learned of his injury.

14

Even liberally construing Plaintiff's Fourth Motion and proposed amended

Complaint, the Court FINDS that Plaintiff's proposed amendments in the Fourth Motion

are futile and do not cure the defects outlined in the Dismissal Order.  In his Fourth

Motion, Plaintiff's seeks to amend the Complaint by (1) adding Marriott International,

Inc. and Doe 1-10 as new defendants; (2) adding claims of mail and wire fraud under 18

U.S.C. §§ 1341 and 1343; (3) adding claims under the California Vacation Ownership

and Time-Share Act of 2004; and (4) revisiting the issues of the statute of limitations and

res judicata.  These proposed amendments, however, are futile because Plaintiff has

failed to allege any facts that may show a continuing violation.  As the Dismissal Order

aptly points out, "Plaintiff's limitations period for this claim started to run when Plaintiff

entered into his timeshare agreements[,]" which was in 2006 and 2007.  ECF No. 57 at p.

12

The Dismissal Order was clear that Plaintiff's Complaint was barred by the four-

year statute of limitations.  The Dismissal Order also made it clear that arguments

regarding res judicata (due to the California Judgment) were only addressed for the sake

of completeness as the four-year statute of limitations was enough to dismiss Plaintiff's

Complaint.[3]  ECF No. 57 at p. 13.  Thus, any argument that fails to allege facts showing a

continuing violation or tolling the statute of limitations would be futile.  The proposed

amended complaint failed to allege such facts and as such the Fourth Motion should be

DENIED.

---

[3] For this reason, the Court declines to revisit the issue of res judicata.  Further, Plaintiff
failed to allege any facts that would toll the statute of limitations and thus, the Court need
not reach the issue of res judicata.

1.    <u>Adding New Defendants is Futile</u>

In his Fourth Motion, Plaintiff seeks to add new defendants:  Marriott

International, Inc. and Doe 1-10.  The Court need not address this argument.  As stated

earlier, Plaintiff requested to add these defendants in his Third Motion.  The Court has

already denied his request and will not revisit its decision here.  Also, as stated earlier,

the allegations in the proposed amended complaint to the Fourth Motion is substantially

similar to the Third Motion in that Plaintiff alleges that Defendants withheld disclosures

and documents during the 2006 and 2007 Purchases.  As stated in the order denying the

Third Motion, adding these new defendants is futile as it does not toll the statute of

limitations.  ECF No. 89.

2.    <u>Plaintiff May Not Bring Claims Under 18 U.S.C. §§ 1341 and 1343</u>

Plaintiff seeks to add the claims of mail and wire fraud under 18 U.S.C. §§ 1341

and 1343.  These statutes are found under Title 18 Crimes and Criminal Procedure and

are criminal statutes.  It is well established that private citizens lack standing to bring

claims under criminal statutes.  <u>Salem v. Arakawa</u>, Civ. No. 15-00384 LEK-KSC, 2016

WL 1043050, at *6 (D. Haw. Mar. 15, 2016).  Thus, Plaintiff, a private citizen, may not

bring claims under 18 U.S.C. §§ 1341 and 1343.  As such, Plaintiff's request to add these

claims is futile.

3.    <u>The Addition of Claims Under the California Vacation Ownership and
Time-Share Act of 2004 is Futile</u>

Plaintiff seeks to add claims under the California Vacation Ownership and Time-Share Act of 2004.  However, this issue has been ruled on by the district court in the Dismissal Order.  The district court found that:

> Because Plaintiff previously alleged claims arising out of the 2006 Contract in the California Complaint, Plaintiff is precluded from relitigating his claims that were, "or could have been asserted."  See Liquidators of European Fed. Credit Bank, 630 F.3d at 1151) (internal quotation marks and citations omitted) . . . Even though Plaintiff did not include claims relating to the 2007 Contracts in the California Complaint, nothing prevented him from asserting those claims at that time. . . Because Plaintiff could have brought his claims relating to the 2006 and 2007 Contracts in the California Action but failed to do so, res judicata precludes Plaintiff from asserting those claims here.

ECF Nos. 57 at pp. 15-18.  As such, Plaintiff's request to add claims under the California Vacation Ownership and Time-Share Act of 2004 has already been ruled on and will not be revisited here.

### 4.    The Doctrine of Fraudulent Concealment Does Not Apply

This Court is required to liberally construe Plaintiff's Fourth Motion and proposed amended complaint.  Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  In Plaintiff's proposed amended complaint, the allegation that Defendants "committed mail and wire fraud to defraud and mislead Plaintiff from 2006 till 2016" seems like an attempt to argue that the equitable doctrine of fraudulent concealment applies in this case. ECF No. 98 at p. 7.  Nevertheless, the Court finds that Plaintiff failed to properly allege fraudulent concealment.  However, even if the Court found that the proposed amended complaint could be construed to have alleged fraudulent concealment, the facts alleged by Plaintiff are insufficient to support a finding that the doctrine applies.

The doctrine of fraudulent concealment is invoked by alleging facts showing

affirmative concealment by a defendant:

> [T]he plaintiff must allege facts showing affirmative concealment upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief. Silence or passive conduct of the defendant is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure . . . [T]o carry "the burden of pleading and proving fraudulent concealment[, the plaintiff] must plead facts showing that [the defendant] affirmatively misled [the plaintiff], and that [the plaintiff] had neither actual nor constructive knowledge of the facts giving rise to its claim despite its diligence in trying to uncover those facts."

Lowther v. U.S. Bank N.A., 971 F. Supp. 2d 989, 1010 (D. Haw. 2013) (citing Rundgren

v. Bank of New York Mellon, Civ. No. 10-00252 JMS-BMK, 2013 WL 3072408, at *4-5

(D. Haw. June 18, 2013)) (citations omitted).

Plaintiff "cannot rely upon conclusory statements to avoid the bar of

limitations . . . [but] must plead with particularity the circumstances surrounding the

concealment and state facts showing his due diligence in trying to uncover the facts."

Rutledge v. Boston Woven Hose & Rubber Co., 576 F.2d 248, 250 (9th Cir. 1978)

(citations omitted).[4]  In this case, Plaintiff's allegations are conclusory.  Plaintiff

repeatedly alleges that Defendants' actions were "fraudulent, deceptive, misleading, and

[Defendants engaged in] prohibited practices" but fails to allege facts showing with

particularity an affirmative inducement.  ECF No. 98 at p. 3.  Defendants' renewal of

---

[4] In Rutledge, the plaintiff argued that the "[d]efendant [ ] fraudulently concealed the existence of the aforesaid price discrimination through the adoption of elaborate schemes, resorting to secrecy to avoid detection, and by denying that such discrimination or price differential existed."  Rutledge, 576 F.2d at 250.  The Ninth Circuit found that "[t]he only averment that is not conclusory [in plaintiff's argument] is the allegation that defendant denied that such discrimination or price differential existed."  Id.

Plaintiff's Platinum status does not amount to an affirmative inducement.  Plaintiff claims that the renewal of the status misled him, but this is a far stretch from the circumstances in Rutledge, where the Court found that defendant's affirmative denial in that case constituted an affirmative inducement.  Plaintiff produces no evidence that he made inquiries into his Platinum status and has not alleged that Defendants reassured him that his Platinum status was the result of his 2006 and 2007 Purchases.

Moreover, the Court cannot say that Plaintiff did not have constructive knowledge of the alleged missing documents.  "A plaintiff has constructive knowledge if it 'should have been alerted to facts that, following duly diligent inquiry, could have advised it of its claim.'"  Rundgren v. Bank of New York Mellon, Civ. No. 10-00252 JMS-BMK, 2013 WL 3072408, at *5 (D. Haw. June 18, 2013) (citing Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1060 (9th Cir. 2012)) (citation omitted).  "It is enough that the Plaintiff 'should have been alerted to facts that, following duly diligent inquiry, could have advised it of its claim.'"  Hexcel Corp., 681 F.3d at 1060 (citing Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc., 858 F.2d 499, 502 (9th Cir. 1988)) (citation omitted).

Plaintiff alleges that there were no supporting documents in the 2006 and 2007 Purchase contracts that provide for Plaintiff's Platinum status.  ECF No. 90-2 at pp. 10-14.  Notably, the Platinum status benefit was critical to Plaintiff's decision to make the 2006 and 2007 Purchases.  Plaintiff should have been alerted to the fact that the 2006 and 2007 Purchase contracts were missing provisions related to Plaintiff's Platinum status given that Plaintiff claims his copies did not contain any reference to his Platinum status.

19

ECF No. 98 at p. 8. However, Plaintiff does not state any facts to show that he diligently sought to obtain the missing documents in 2006 and 2007. Accordingly, the Court cannot find that fraudulent concealment applies to this case even if it were properly alleged.

D.      Dismissal with Prejudice

In this case, there is no operative pleading. Plaintiff has been given multiple opportunities to amend his Complaint and to cure the defects outlined in the Dismissal Order. Further, the Dismissal Order cautioned Plaintiff that:

> even if the magistrate judge grants his Motion for Leave and allows him to file his proposed amended complaint, this Court may still dismiss the amended claims with prejudice if Plaintiff fails to cure the defects identified in this Order.

ECF No. 57 at p. 19. Plaintiff failed to cure the defects identified in the Dismissal Order and thus, this case should be dismissed with prejudice.

In determining whether dismissal is appropriate, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

First, "[t]he public's interest in the expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Here, it is no different. Plaintiff's First Motion was filed on February 12, 2019. This is Plaintiff's fourth motion requesting leave to amend

his Complaint.  Plaintiff has had ample time and opportunity to amend his complaint.

The Court finds that this factor strongly supports dismissal.

Second, "[t]he trial judge is in the best position to determine whether the delay in a

particular case interferes with docket management and the public interest."  Pagtalunan,

291 F.3d at 642.  Plaintiff's motions for leave to amend and repeated violations of the

court's orders and governing rules have consumed the Court's time that could have been

devoted to other cases.  "It is incumbent upon the Court to manage its docket without

being subject to routine noncompliance of litigants such as [Plaintiff]."  Id. (citing Ferdik,

963 F.2d at 1261).  Thus, this factor also weighs heavily in favor of dismissal.

Third, "[t]o prove prejudice, a defendant must establish that plaintiff's actions

impaired defendant's ability to proceed to trial or threatened to interfere with the rightful

decision of the case."  Id. (citing Malone v. United States Postal Serv., 833 F.2d 128, 131

(9th Cir. 1987)).  However, "pendency of a lawsuit is not sufficiently prejudicial in and of

itself to warrant dismissal."  Id. (citing Yourish, 191 F.3d at 991).  "Limited delays and

the prejudice to a defendant from the pendency of a lawsuit are realities of the system that

have to be accepted, provided the prejudice is not compounded by 'unreasonable'

delays."  Id. (quoting Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)).

Defendants have alleged that Plaintiff's "fourth bite at the apple" has forced

Defendants to "continue defending this lawsuit, at significant cost, based on claims that

this Court, a California District Court and the Ninth Circuit have already dismissed."

ECF No. 92 at p. 7.  Defendants have not been idle observers, but have been defending

against Plaintiff's motions despite Plaintiff's numerous violations of the court's orders

and applicable rules.  Plaintiff's disregard for the Court's rulings has forced Defendants to revisit issues that have already been determined by this Court's orders and the Dismissal Order.  This factor weighs heavily in favor of dismissal.

Fourth, less drastic alternatives are not appropriate in this case.  This case has been pending for over a year and Plaintiff has been given multiple opportunities to amend his complaint.  Plaintiff filed his First Motion on February 12, 2019 (ECF No. 44) and since then, he has filed three more.  Yet, Plaintiff has not been able to cure the deficiencies stated in the Dismissal Order.  The Court finds that it would be futile to recommend an alternative other than dismissal because a lesser drastic alternative would not compel Plaintiff to follow the rules or to take the necessary steps to prosecute this action—to amend his complaint to allege facts that would cure the deficiencies identified in the Dismissal Order.   As such, this factor also weighs heavily in support of dismissal.

Fifth, "Public policy favors disposition of cases on the merits."  Pagtalunan, 291 F.3d at 643.  This is the only factor that weighs against dismissal.

The Court FINDS and RECOMMENDS that the dismissal is appropriate and should be made with prejudice.  Plaintiff has been provided with multiple opportunities to amend his complaint.  However, it is clear that Plaintiff is not able to allege any facts that would toll or be an exception to the statute of limitations and thus, no amendment can cure the defects in Plaintiff's Complaint.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend").  Accordingly, this case should be DISMISSED WITH PREJUDICE.

## CONCLUSION

Based on the foregoing, Plaintiff's "Motion to [sic] Leave to Amend Complaint," filed on October 16, 2019, should be DENIED.  The Court FINDS AND RECOMMENDS that the district court DISMISS this case WITH PREJUDICE and direct the Clerk's office to close this case.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 13, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

Civ. No. 18-00469 LEK-RT; *Chung v. Vistana Vacation Ownership, Inc., et al.*; Findings and Recommendation to Dismiss Case with Prejudice

23