UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KEICY CHUNG,<br><br>    Plaintiff,<br><br>  vs.<br><br>VISTANA VACATION OWNERSHIP, INC. and STARWOOD HOTELS & RESORTS WORLDWIDE, LLC,<br><br>    Defendants. | CIV. NO. 18-00469 LEK-RT |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE**

On April 13, 2020, the magistrate judge filed his Findings and Recommendation to Dismiss Case with Prejudice ("F&R"). [Dkt. no. 99.]. On April 21, 2020, pro se Plaintiff Keicy Chung ("Plaintiff") filed his objection to the F&R ("Objections"). [Dkt. no. 100.] On May 15, 2020, Defendants Vistana Vacation Ownership, Inc. ("Vistana") and Starwood Hotels & Resorts Worldwide, LLC ("Starwood LLC," and collectively "Defendants") filed their response to Plaintiff's Objections ("Response"). [Dkt. no. 102.] The Court has considered the Objections as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set

forth below, the Objections are denied, and the F&R is hereby adopted.

## BACKGROUND

The facts are laid out in this Court's March 29, 2019 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("3/29/19 Order") and will not be repeated here in full. See dkt. no. 57.[1] On May 19, 2017, Plaintiff filed a complaint ("California Complaint") in the Superior Court of California, County of Los Angeles ("California Action") against Vistana and Starwood Hotels & Resorts Worldwide, Inc. ("Starwood Inc." and collectively "California Defendants") containing allegations related to Plaintiff's purchase of a timeshare property in Hawai`i from the California Defendants. [Defs.' request for judicial notice in supp. of motion to dismiss, filed 12/21/18 (dkt. no. 15) ("Request"), Exh. A (California Complaint).] The California Action was removed to the United States District Court for the Central District of California. On October 19, 2017, the district court issued an order granting the California Defendants' motion to dismiss the California Complaint ("10/19/17 California Order"). [Request, Exh. B (10/19/17

---

[1] The 3/29/19 Order is also available at 2019 WL 1441596.

California Order).² ]  On November 2, 2017, the district court entered a judgement against Plaintiff and in favor of the California Defendants ("California Judgment"), [id., Exh. C (California Judgment),] which was affirmed by the Ninth Circuit Court of Appeals on April 17, 2018 ("4/17/18 Memorandum Disposition"), [Request, Exh. D (4/17/18 Memorandum Disposition).³]

Plaintiff filed the instant Complaint for Violations of Hawaii Revised Statutes 2006 Chapter 514E (Time Sharing Plans) ("Complaint") on November 29, 2018  alleging diversity jurisdiction.  [Dkt. no. 1 at pg. 3.]  On December 21, 2018, Defendants filed their motion to dismiss the Complaint ("Motion to Dismiss").  [Dkt. no. 14.]  On February 12, 2019, Plaintiff filed his first motion for leave to amend the Complaint ("First Motion for Leave").  [Dkt. no. 44.]  On February 27, 2019, the magistrate judge issued an entering order denying Plaintiff's First Motion for Leave.  [Dkt. no. 52.]  In the 3/29/19 Order, this Court dismissed all claims in the Complaint without prejudice, granting Plaintiff leave to file a motion seeking

---

² The 10/19/17 California Order is also available at Chung v. Vistana Vacation Ownership, Inc., Case No. CV 17-04803-RGK(JCx), 2017 WL 6886721 (C.D. Cal. Oct. 19, 2017).

³ The 4/17/18 Memorandum Disposition is also available at Chung v. Vistana Vacation Ownership, Inc., 719 F. App'x 698 (9th Cir. 2018).

leave to file an amended complaint.  [3/29/19 Order at 19.] Plaintiffs claims were dismissed on the basis that they were time-barred, [id. at 12-13,] and in the alternative, under the doctrine of res judicata, [id. at 17-18].

On April 29, 2019, Plaintiff filed his second motion for leave to file an amended complaint ("Second Motion for Leave").  [Dkt. no. 59.]  On June 27, 2019, Plaintiff's Second Motion for Leave was denied at the hearing on the motion.  See Minutes, filed 6/27/19 (dkt. no. 69); see also Order Denying Plaintiff's Motion to Leave to Amend Complaints, Amended Complaints and Supplemental to Amended Complaints, filed 8/27/19 (dkt. no. 85).  On July 29, 2019, Plaintiff filed a third motion for leave to file an amended complaint ("Third Motion for Leave").  [Dkt. no. 72.]  Plaintiff's Third Motion for Leave was denied.  [Amended Order Denying Plaintiff's Third Motion to Leave to Amend Complaint, filed 9/10/19 (dkt. no. 89).]  On October 16, 2019, Plaintiff filed his "Motion to Leave to Amend Complaint (10/15/19)" ("Fourth Motion for Leave").  [Dkt. no. 90.]  On November 21, 2019, Defendants filed a memorandum in opposition to the Fourth Motion for Leave ("Fourth Motion Opposition").  [Dkt. no. 92.]  In the F&R, the magistrate judge recommended that the case be dismissed with prejudice: 1) as a sanction for Plaintiff's repeated violations of court orders and procedural rules; 2) because amendment of the Complaint would be

futile; and 3) in consideration of the five factors listed in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). [F&R at 5-6.]

In the Objections, Plaintiff argues the magistrate judge erred in his recommendation because: 1) Plaintiff cured the issue of res judicata by adding Marriott International, Inc. ("Marriott") and Doe 1-10 as defendants ("Doe Defendants") and alleging new claims; 2) Plaintiff substantially complied with formatting a procedural requirements; 3) the matter is not time barred because the alleged fraud continued over the ten years preceding the filing of the Complaint; and 4) dismissal with prejudice was not warranted as a matter of public policy favoring the disposition of cases on their merits.[4]

## STANDARD

Plaintiff is proceeding pro se, and therefore his pleadings are liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). This Court reviews a magistrate judge's findings and recommendations under the following standard:

---

[4] Plaintiff also argues that the F&R should be rejected because the Fourth Motion for Leave was decided without a hearing. However, Plaintiff acknowledges that, under the Local Rules, all matters can be decided without a hearing. See Objections at 1; Local Rule LR7.1(c) (stating same). Plaintiff's position was well established in his filings, and a hearing was not required. Therefore this argument is rejected.

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

Muegge v. Aqua Hotels & Resorts, Inc., Civil 09-00614 LEK-BMK, 2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (alteration in Muegge) (some citations omitted).

## DISCUSSION

I.   **Res Judicata**

First, the Court turns to Plaintiff's argument that the res judicata issues identified in the 3/29/19 Order have been cured.

> The doctrine of *res judicata* provides that "a final judgment on the merits bars further claims by parties or their privies based on the

6

>     same cause of action." Montana v. United States,
>     440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed.
>     2d 210 (1979).  The application of this doctrine
>     is "central to the purpose for which civil courts
>     have been established, the conclusive resolution
>     of disputes within their jurisdiction."  Id.
>     (quoting Southern Pacific Railway Co. v. United
>     States, 168 U.S. 1, 49, 18 S. Ct. 18, 27, 42 L.
>     Ed. 355 (1897)).  Moreover, a rule precluding
>     parties from the contestation of matters already
>     fully and fairly litigated "conserves judicial
>     resources" and "fosters reliance on judicial
>     action by minimizing the possibility of
>     inconsistent decisions."  Id. at 153-54, 99 S.
>     Ct. at 973-74. . . .

In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997).  Plaintiff challenges the identity or privity of parties and the identity of claims elements of res judicata.  "The res judicata effect of federal court judgments is a matter of federal law." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 n.10 (9th Cir. 2003) (citation omitted).  "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) (citation omitted).

    **A.**    **Identity or Privity of Parties**

"'Privity' . . . is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." Headwaters Inc. v.

7

U.S. Forest Serv., 399 F.3d 1047, 1052–53 (9th Cir. 2005).

(citation and quotation marks omitted)

> Even when the parties are not identical, privity may exist if "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted); see also Stratosphere Litigation, 298 F.3d at 1142 n. 3 (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted); Shaw v. Hahn, 56 F.3d 1128, 1131–32 (9th Cir. 1995) (finding privity when the interests of the party in the subsequent action were shared with and adequately represented by the party in the former action); United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980) ("[A] 'privy' may include those whose interests are represented by one with authority to do so."). We made clear, in In re Schimmels, that privity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases:
>
>> Federal courts have deemed several relationships "sufficiently close" to justify a finding of "privity" and, therefore, preclusion under the doctrine of *res judicata*: "First, a non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party. Second, a non-party who controlled the original suit will be bound by the resulting judgment. Third, federal courts will bind a non-party whose interests were represented adequately by a party in the original suit." In addition, "privity" has been found where there is a "substantial identity" between the party and nonparty, where the nonparty "had a significant interest and participated in the prior action," and where the interests of the nonparty and party are "so closely aligned

>       as to be virtually representative."
>       Finally, a relationship of privity can be
>       said to exist when there is an "express or
>       implied legal relationship by which parties
>       to the first suit are accountable to non-
>       parties who file a subsequent suit with
>       identical issues."

Schimmels, 127 F.3d at 881 (citations omitted). Tahoe-Sierra Pres. Council, Inc., 322 F.3d 1064, 1081-82 (9th Cir. 2003) (some citations omitted). Parent/subsidiary relationships are relevant, and privity has been found when the defendant in the earlier case is a parent or subsidiary of the defendant in the following case. See In re Imperial Corp. of Am., 92 F.3d 1503, 1507 (9th Cir. 1996) (collecting cases).

In the Fourth Motion for Leave, Plaintiff seeks to add Marriott as a defendant. Plaintiff also seeks to add a number of Doe Defendants, all of whom were involved in the sale of the timeshare or otherwise worked for, or acted on behalf of, Defendants during the events leading up to the instant litigation. [Fourth Motion for Leave, Suppl. to Amended Complaint (10/15/19) ("Fourth Motion for Leave, Suppl.") at 4-7.]

In the Objections, Plaintiff argues that res judicata does not apply because the California Judgment "was rendered for the wrong defendants" and "[i]t should have been Marriott that would have had privity with Plaintiff from the beginning of the California case and this Hawaii case." [Objections at 12.] As

9

a preliminary matter, the Court notes that privity in this context is a question of the relationships between Marriott and Starwood Inc. or Starwood LLC, not between Plaintiff and any of the defendants. See, e.g., Tahoe-Sierra Pres. Council, 322 F.3d at 1081 (applying privity).

In the Fourth Motion for Leave, Plaintiff alleges Starwood Inc. merged with Marriott in 2016, resulting in Starwood LLC. [Fourth Motion for Leave at 2.] On December 21, 2018, Defendants filed a Corporate Disclosure Statement confirming that Starwood LLC is a wholly owned subsidiary of Marriott. [Dkt. no. 16.] The parent-subsidiary relationship between Starwood LLC and Marriott is a strong indicator of privity. See Gottheiner, 703 F.2d at 1139-40 (finding privity existed for the purpose of collateral estoppel where the defendant in the first lawsuit was a wholly owned subsidiary of the defendant in the second lawsuit). Furthermore, Marriott's interests were represented in the California Action because Marriott was the parent company of the California Defendant Starwood, Inc. at the time of the litigation. Marriott is "so identified in interest with a party to former litigation [(the California Defendants)] that he represents precisely the same right in respect to the subject matter involved." See Schimmels, 127 F.3d at 881 (citation and quotation marks omitted). Because Marriott and the California Defendants have

10

identical or transferred rights with respect to the legal interest at issue here, "substantial identity" exists between the parties of the California Action and the instant suit. See ITT Rayonier at 1003. Therefore, the element of privity is satisfied for purposes of res judicata with respect to Marriott.

Similarly, all of the Doe Defendants Plaintiff seeks to add are also in privity with the California Defendants because all of the Doe Defendants appear to be employees or persons otherwise acting on behalf of the Vistana, Marriott, Starwood, Inc. or Starwood, LLC. See Fourth Motion for Leave, Suppl. at 6-7. "An employer-employee relationship generally satisfies the privity requirement for matters within the scope of employment." Drawsand v. F.F. Props., L.L.P., 866 F. Supp. 2d 1110, 1127 (N.D. Cal. 2011) (citing Spector v. El Ranco, Inc., 263 F.2d 143, 145 (9th Cir. 1959)). In Spector, the Ninth Circuit held that,

> Where, as here, the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other.

Spector, 263 F.2d 145 (citation omitted). The California Judgment would be equally applicable to both the Doe Defendants and the California Defendants. Therefore, the proposed Doe Defendants are in privity with the California Defendant,

11

satisfying the identity or privity of parties element of res judicata is satisfied.

B. **Identity of Claims**

> A court is to apply four criteria to decide whether there is an identity of claims: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011). The fourth criterion is the most important. Id. at 1151.

Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

In his Fourth Motion for Leave, Plaintiff asserts that he also seeks to amend his Complaint by lodging additional claims against Defendants for "mail and wire frauds in violation of U.S. Code 1341 and 1343 from 2006 till 2015." [Fourth Motion for Leave, Suppl. at 7.] He "also would like to re-allege claims under California Vacation Ownership and Time-Share Act of 2004 [("VOTSA")] to show extent of Defendants' fraudulent, deceptive, misleading, and prohibited practices." [Id.]

18 U.S.C. § 1341 and 1343 are criminal statutes. "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Salem v. Arakawa, CIVIL 15-00384 LEK-

KSC, 2016 WL 1043050, at *6 (D. Hawai`i Mar. 15, 2016) (stating that private citizens do not have standing to bring claims under, *inter alia*, §§ 1341 and 1343).  Therefore, as, the magistrate judge correctly identified, the request to add these claims is futile.

Plaintiff's request to re-allege VOTSA claims, including claims related to the 2007 contracts, was denied by this Court in the 3/29/19 Order.  [3/29/19 Order at 15-18.] Therefore, to the extent Plaintiff requests leave to re-allege claims under the VOTSA, his request is denied for the same reasons as set forth in the 3/29/19 Order.

Plaintiff next identifies eight "Counts" in which he alleges acts he describes as fraudulent or deceptive.  [Fourth Motion for Leave, Suppl. at 8-14.]  The magistrate judge liberally construed the Counts as allegations related to the doctrine of equitable tolling based on fraudulent concealment. The Court agrees with the magistrate judge that an invocation of the fraudulent concealment doctrine is a reasonable reading of Plaintiff's allegations.

The doctrine of fraudulent concealment is one way to avoid the time-bar of limitation on claims.  See Rundgren v. Bank of New York Mellon, Civil No. 10-00252 JMS/BMK, 2013 WL 3072408, at *4 (D. Hawai`i June 18, 2013), *aff'd* 637 F. App'x 404 (9th Cir. 2016).  Because the Fourth Motion for Leave is

13

denied pursuant to res judicata, rather than any time-bar issues, the doctrine of fraudulent concealment does not apply.

However, Plaintiff also asserts that "common law fraud would also be equally applicable" in reference to the eight "Counts." [Fourth Motion for Leave, Suppl. at 14.] Again, for the same reasons as stated in the 3/29/19 Order, Plaintiff is precluded from bringing claims that were, or could have been brought in the California Action. See 3/29/19 Order at 17-18. Therefore, Plaintiff's request to amend his Complaint to re-assert common law fraud claims related to either his 2006 or 2007 contract with Defendants is denied.

The magistrate judge was correct to address the remainder of the issues in the interest of completeness. However, Plaintiff's attempt to amend his Complaint is futile because his proposed claims are barred under the doctrine of res judicata, therefore the Court does not need to reach the other issues presented by Defendants.

## II.  Dismissal with Prejudice

Next, the Court turns to Plaintiff's argument that, if dismissal is warranted, it should be without prejudice.

> It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is

14

> clear on de novo review that the complaint could not be saved by amendment."); see also Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the [Federal Rules of Civil Procedure] require, be 'freely given.'").

Nat'l Council of La Raza v. Cegavske, 800 F.3d 1032, 1041–42 (9th Cir. 2015) (alteration in La Raza).  "Not all of the factors merit equal weight.  As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."  Eminence Capital, 316 F.3d at 1052 (citation omitted).  Also, "[f]utility alone can justify the denial of a motion to amend."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation and quotation marks omitted).  However, "leave to amend should be denied as futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Barahona v. Union Pac. R.R. Co., 881 F.3d 1122, 1134 (9th Cir. 2018) (citation and quotation marks omitted).

       Plaintiff has been pressing essentially the same claims against Defendants since 2017, without passing the pleading stage, and the dismissal has been affirmed on appeal.  Plaintiff's fourth attempt to amend his Complaint is futile

under the doctrine of res judicata, and he explicitly seeks to re-allege claims that have already been ruled upon, constituting a repeated failure to cure deficiencies.  Defendants bear the burden of showing prejudice, see id. (citation omitted), and they did not do so in either the Fourth Motion Opposition or their response to the Objections.  However, the strong showing of the remaining Foman factors, futility in particular, warrants denial of the Fourth Motion for Leave.

## CONCLUSION

For the foregoing reasons, the magistrate judge's Findings and Recommendation to Dismiss Case with Prejudice, filed April 13, 2020, is hereby ADOPTED.  It is ADOPTED to the effect that Plaintiff's "Motion to Leave to Amend (10/15/19)," filed October 16, 2019, is DENIED and the case is DISMISSED WITH PREJUDICE.  However, the basis for the denial and dismissal with prejudice is modified as indicated above.  The Clerk's Office is DIRECTED to close this case on **November 16, 2020**, unless Plaintiff files a timely motion for reconsideration of this Order as provided for in the Local Rules.

IT IS SO ORDERED.

DATED AT HONOLULU HAWAII, October 30, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

KELCY CHUNG VS. VISTANA VACATION OWNERSHIP, INC., ET AL; CV 18-00469 LEK-RT; ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE